UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PATRICK SIMONS, | ) | Case No. 6:05-bk-13789-KSJ |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| HELENA CHEMICAL COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 6:06-ap-79 |
| vs. | ) | |
| | ) | |
| PATRICK SIMONS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

MEMORANDUM OPINION DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This adversary proceeding came on for hearing on February 22, 2007, on the Motion for Summary Judgment (Doc. No. 9) filed by the plaintiff, Helena Chemical Company ("Helena"), the Affidavit in Opposition to the Motion (Doc. No. 21) filed by the defendant, Patrick Simons ("Simons"), and on the Memorandum of Law in Opposition to the Motion and in Support of Simons' Motion to Compel (Doc. No. 39) filed by Simons. In the Motion, Helena, relying on the theory of collateral estoppel, argues that, based upon a guilty plea and related admissions by the debtor in a criminal case, it is entitled to a summary judgment that the debt due by Simons to Helena is non-dischargeable pursuant to Bankruptcy Code[1] Sections 523(a)(2) and (4).

Helena sells and distributes agricultural chemical and fertilizer products. Simons was an employee of Helena at a branch plant. Helena alleges that, during Simons' employment, he

---

[1] Unless otherwise stated, all references to the Bankruptcy Code herein refer to Title 11 of the United States Code.

"unlawfully and fraudulently embezzled and converted Helena's monies and property." (Doc. No. 1). Simons allegedly worked with a co-employee to convince customers to write checks directly to them, while simultaneously providing Helena with fictitious credit memos indicating that the customer was entitled to a refund or setoff to justify the reduced payment amount actually received by Helena. About four years after this discovery,[2] on October 20, 2003, Helena filed suit in Nebraska state court alleging, *inter alia*, fraud, misrepresentation, theft, conversion, and breach of fiduciary duty. Around that same time, the United States Attorney for Nebraska indicted Simons in an 18 count indictment.

The first count in the indictment charged Simons with a conspiracy. The remaining 17 counts all asserted specific counts of wire fraud or aiding and abetting the co-conspirator in a wire fraud. The facts alleged in Helena's civil complaint are similar to the facts alleged in the indictment.

On January 16, 2004, Simons pled guilty to only one specific count of the indictment—Count 2—which provides:

> On or about July 22, 1998, Patrick Simons caused to be sent from the Helena plant in Osmond, Nebraska, to the main office of Helena, located in Memphis, Tennessee, by wire communication through the Helena computer network system, false and fraudulent information for a credit memo, credit memo number 122536, to credit the account of Morrison Farms, RR1, Box 50A, Clearwater, Nebraska, in the amount of $5,158.48, said credit memo fraudulently reflecting a return of product which Patrick Simons knew, in truth and fact, did not occur.

At the hearing to accept Simons' guilty plea, the court acknowledged that the loss to Helena was an open question. Moreover, no questioning addressed the conspiracy count or any of the other

---

[2] The debtor has asserted that the applicable statute of limitations had run prior to the date that Helena filed suit against him in Nebraska. Helena had four years from *the date of discovery* of the debtor's wrongful action to institute the action, pursuant to Nebraska Statute Section 25-207. The latest alleged wrongful act occurred on September 20, 1999. The Nebraska lawsuit was filed on October 20, 2003, over four years later. However, the date that Helena discovered the wrongful action is not established in the pleadings, may bar the allowance of any claim by Helena, and remains a factual dispute to resolve at the trial.

counts asserted in the indictment. Simons did, however, agree that the events referenced in Count 2 occurred.[3] He did not admit or otherwise acknowledge any of the other facts alleged in the indictment. Indeed, each of the 17 other counts against Simons were dismissed as a result of the plea agreement. Simons made factual admissions relating to only Count 2, which was a sole count for wire fraud occurring on one specific date, July 22, 1998. Helena was damaged in the *de minimus* amount of $5,158.48.

Based on these admissions, Helena now seeks summary judgment on its complaint asking this Court to find that a debt of $100,000 due by Simons to Helena is nondischargeable. Pursuant to Federal Rule of Civil Procedure 56, which is applicable under the Federal Rule of Bankruptcy Procedure 7056, a court may grant summary judgment where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party has the burden of establishing the right to summary judgment. Fitzpatrick v. Schlitz (In re Schlitz), 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986). In determining entitlement to summary judgment, a court must view all evidence and make all reasonable inferences in favor of the party opposing the motion. Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)). Therefore, a material factual dispute precludes summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In support of its motion for summary judgment, Helena argues that, as a matter of law, the doctrine of collateral estoppel precludes Simons from relitigating in this adversary proceeding the same issues resolved by the debtor's guilty plea. Because all the actions occurred in Nebraska and because both the civil and criminal actions were prosecuted in Nebraska, Nebraska's collateral estoppel law applies. Refined Sugars, Inc. v. Southern Commodity Corp.,

---

[3] Simons now has completed his incarceration. He filed this Chapter 7 bankruptcy case on October 12, 2005.

709 F.Supp. 1117, 1120 (S.D. Fla. 1988). Further, collateral estoppel applies to prior judgments of criminal courts even if the judgment is based on a guilty plea. Id.

Pursuant to Nebraska law, collateral estoppel applies when an issue of ultimate fact has been determined by a final judgment and that issue cannot again be litigated between the same parties in a future lawsuit. In re Marcus W., 11 Neb.Ct.App. 313, 325, 649 N.W.2d 899, 910 (2002). The moving party, here, Helena, must establish four factors to impose collateral estoppel in a subsequent proceeding:

> (1)  the identical issue was decided in a prior case;
>
> (2)  a judgment on the merits was entered, which is final;
>
> (3)  the party against whom the rule is applied was a party, or in privity with a party, to the prior action; and
>
> (4)  the parties had an opportunity to fully and fairly litigate the issue in the prior action.

R.W. v. Schrein, 263 Neb. at 714-15, 642 N.W.2d at 511.

No question exists that the guilty plea was a final judicial determination of guilt, that Simons was the criminal defendant, and that he had a full and fair opportunity to defend the criminal charges. As such, to determine if collateral estoppel applies, the primary issue is whether the issues resolved by the guilty plea are identical to those raised in this adversary proceeding.

In Nebraska, state courts required to determine whether identical issues exist examine whether the same evidence would be necessary to prove critical issues in both the earlier and the later litigation. Marcus W., 649 N.W.2d at 910 (quoting Suhr v. City of Scribner, 207 Neb. 24, 27, 295 N.W.2d 302, 304 (1980)). Therefore, in a non-dischargeability proceeding in a bankruptcy case, such as the complaint filed by Helena in this adversary proceeding, the question is whether the state court judgment (or, in this case, a guilty plea and related admissions)

establishes the elements of a prima facie case under Section 523. Madsen, 195 F.3d at 989-90; Bankers Trust Co., N.A., v. Hoover (In re Hoover), 301 B.R. 38, 45-46 (Bankr.S.D.Iowa 2003).

Helena asserts that Simons' debt, totaling approximately $100,000, is nondischargeable pursuant to two sections of the Bankruptcy Code—Sections 523(a)(2)(A) and (4). The first section, 523(a)(2)(A), of the Bankruptcy Code provides that a debt for money, property, services, or an extension, renewal, or refinancing of credit will not be discharged to the extent obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." In re Hosey, 355 B.R. 311, 317-318 (Bankr.N.D.Ala.2006) (citing SEC v. Bilzerian (In re Bilzerian), 153 F.3d 1278, 1281 (11th Cir. 1998)). The second section, 523(a)(4), provides that an individual debtor is not discharged from debts resulting from, among other grounds, "embezzlement or larceny."

Simons pled guilty to only one count of the indictment, relating to a claim for approximately $5,100 for one specific false credit memo provided to Helena. As to this one count, the evidence that would have been presented at the criminal trial, and which Simons admitted at the plea hearing, would be very similar to the evidence that Helena would present at a trial in this adversary proceeding. Certainly, Simons, through false representations, obtained money from a customer of Helena that otherwise would have been paid to his employer, and Helena was damaged as a result. Therefore, absent any argument over the statute of limitations and the untimely nature of Helena's claims, as to this sole count finding damages of $5,100, collateral estoppel *would* act to bar Simons from denying his culpability in connection with this sole transaction.

However, Helena seeks much broader relief in its motion for summary judgment. Helena seeks a judgment that the entire liability, approximately $100,000, sought against Simons is nondischargeable based upon the decision of U.S. v. Strother, 458 F.2d 424 (5th Cir. 1972). Helena argues that Strother stands for the proposition that a plea of guilty is a judicial admission

of all facts alleged in an *entire* indictment. If this interpretation were adopted, Simons' guilty plea to one count would constitute an admission of all facts alleged in the indictment relating to all 18 counts.

Helena reads Strother too broadly. Mr. Strother was charged with two separate indictments. One of the indictments contained a single count for conspiracy with one named co-conspirator. Strother pled guilty to the conspiracy count; his co-conspirator did not and ultimately was acquitted at trial on the charge. Upon learning of the co-conspirator's acquittal, Strother attempted to withdraw his own guilty plea arguing that a conspiracy necessarily requires at least two participants. The Fifth Circuit Court of Appeals rejected Strother's argument holding that a guilty plea is more than just a confession of guilt but acts as a verdict of the jury. 458 F.2d at 426. The court then stated:

> We emphasize the time-honored rubric that a plea of guilty is a judicial admission of the truth of the factual allegations of the indictment. Therefore a person represented by competent counsel who pleads guilty and is sentenced, as occurred with Strother, should not thereafter be permitted to repudiate his solemn admission of guilt. Rather, he should be bound thereby. 458 F.2d 426, footnote 3.

Therefore, the holding of the court is a recognition that a guilty plea, once accepted, is binding upon a defendant as are any judicial admissions made in connection with the acceptance of the plea. The court, however, did not state that a criminal defendant is bound by admissions in the indictment he did not otherwise admit.

In Strother, the defendant pled guilty to only one count in a single-count indictment. It would be an unjustified extension to bind a defendant to all admissions contained in a multi-count indictment, when the defendant pleads guilty to only a single count, which is what Helena seeks here. Simons certainly is bound by his admissions as to Count 2 of the indictment, but he is free to challenge the veracity of all other allegations.

"In order to render the principle of collateral estoppel applicable the burden is upon the party relying upon the doctrine to prove that such questions were distinctly put in issue and directly determined by trial or plea of guilty in the criminal prosecution." <u>Hyslop v. U.S.</u>, 261 F.2d 786, 790-791 (C.A.8 1959) (<u>citing</u> <u>Frank v. Mangum</u>, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969; <u>Emich Motors v. General Motors</u>, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534. Helena has not met this burden here. Collateral estoppel does not apply because, other than the factual admissions relating to Count 2 of the indictment, Simons never admitted the facts or liability of the other 17 counts that form the primary basis of Helena's claims against him in this adversary proceeding. Simons should have at least one opportunity to litigate his liability on these claims and, to date, he has not received that opportunity.

Helena's Motion for Summary Judgment is denied. A separate order consistent with this ruling shall be entered. A pre-trial conference in this adversary proceeding is scheduled for **10:00 a.m. on June 21, 2007**.

DONE AND ORDERED in Orlando, Florida, on the 11th day of May, 2007.

_/s/ Karen S. J._

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor/Defendant:  Patrick Simons, 4644 Tiffany Woods Circle, Oviedo, FL  32765

Plaintiff:  Helena Chemical Company, Inc., 225 Schilling Blvd., Suite 300, Collierville, TN 38017-6937

Plaintiff's Counsel:  Philip D. Storey, Alvarez, Sambol, Winthrop & Madson, PA, 100 S. Orange Avenue, Ste 200, Orlando, FL  32801

Plaintiff's Counsel:  William D. Mahoney, Cozen and O'Conner, 2300 Bank One Center, 1717 Main Street, Dallas, TX  75201